## SIMPSON W. DAY v. THE FIRST NATIONAL BANK OF GARDEN CITY.

### No. 115.

1. ORDER ON GARNISHEE — *not subjet to judgment debtor's collateral attack though property exempt.* Where a justice of the peace renders a judgment against the defendant and makes an order requiring the garnishee to pay certain money into court, such judgment and order cannot be attacked by the judgment debtor in a collateral proceeding although the property in controversy may be exempt.

2. APPELLATE PROCEDURE — *order of justice of the peace overruling motion to discharge garnishment after judgment, a final order.* "Where a motion is made before a justice of the peace to vacate and discharge proceedings in garnishment after final judgment, and said motion is overruled, said ruling by the justice is a final order, and may be taken to the district court on error." *Carlyle v. Smith*, 36 Kan. 614.

Error from Finney District Court. Hon. A. J. Abbott, Judge. Opinion filed July 29, 1897. *Affirmed.*

*A. J. Hoskinson*, for plaintiff in error.

*H. F. Mason* and *Milton Brown*, for defendant in error.

SCHOONOVER, J.   On the twentieth day of February, 1891, Brown, Bierer & Cotteral commenced an action against Simpson W. Day, before L. E. Payne, a justice of the peace, to recover the sum of $280.66, and on the same day caused a summons in garnishment to issue to and against the First National Bank of Garden City, Kan.   The garnishee answered.   A trial was had; judgment was given for plaintiffs, Brown, Bierer & Cotteral, for $280.66 with interest and costs, and an order issued requiring the First National Bank, the garnishee, to pay the amount of the judgment into court.

A motion for a new trial was overruled ; also a motion to vacate the order of garnishment. No further proceedings were had before Justice Payne.

Afterwards, on the sixteenth day of March, 1891, Simpson W. Day commenced his action against the First National Bank of Garden City, before J. P. Zimmerman, a justice of the peace of Finney County, Kansas, to recover the money ordered paid into court by Justice Payne to satisfy the judgment of Brown, Bierer & Cotteral.

Judgment was rendered in favor of plaintiff, Day. The defendant Bank filed its petition in error in the District Court, the case was tried and judgment rendered for the defendant Bank, and the plaintiff, Simpson W. Day, brings the case here for review.

The judgment rendered by Justice Payne against Simpson W. Day in favor of Brown, Bierer & Cotteral, and the order requiring the First National Bank to pay the amount of said judgment into court, stand unchallenged, and cannot be attacked in a collateral proceeding, although the property in controversy is exempt. The motion to vacate and discharge the proceedings in garnishment before Justice Payne was made after final judgment. The order of court overruling the motion after judgment was final, and could have been taken to the District Court on error.

1. Judgment cannot be attacked collaterally.

2. Order against garnishee is a final order.

The judgment of the District Court will be affirmed.